1  JULIE A. DUNNE, Bar No. 160544
   jdunne@littler.com
2  AMY TODD-GHER, Bar No. 208581
   atodd-gher@littler.com
3  MATTHEW B. RILEY, Bar No. 257643
   mriley@littler.com
4  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
5  San Diego, CA  92101.3577
   Telephone: 619.232.0441
6  Facsimile:  619.232.4302

7  Attorneys for Defendant
   MARSHALLS OF CA, LLC
8

9               UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  JOAN CATHERYN PAULINO, an            Case No. 19-cv-00099-CAB-AGS
    individual, on behalf of herself and all
13  others similarly situated,           **DECLARATION OF W. ALEX
                                         KOCH IN SUPPORT OF
14                  Plaintiff,           DEFENDANT MARSHALLS OF
                                         CA, LLC'S MOTION TO STRIKE
15  v.                                   CLASS ALLEGATIONS**

16  MARSHALLS OF CA, LLC; and            Date:    March 5, 2019
    DOES 1 through 10, inclusive,        Judge:   Hon. Cathy Ann Bencivengo
17
                    Defendant.           **PER CHAMBERS RULES, NO
18                                       ORAL ARGUMENT UNLESS
                                         SEPARATELY ORDERED BY THE
19                                       COURT**

20                                       Complaint Filed: November 16, 2018
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE CLASS ALLEGATIONS

Case No. 19-cv-00099-CAB-AGS

1     I, W. Alex Koch, hereby declare and state:

2     1.     I am a Manager of Associate Relations for The TJX Companies, Inc.
3 ("TJX"), and I oversee Associate Relations for Marshalls stores nationwide, including
4 the store where Plaintiff Joan Paulino ("Plaintiff") has worked, and continues to work,
5 while employed by Marshalls of CA, LLC ("Marshalls"). I am over the age of 18 and
6 all of the information set forth herein is based on my personal and firsthand
7 knowledge and/or based on information and documents retained by Marshalls in the
8 regular course of its business operations. If called and sworn as a witness, I could and
9 would competently testify thereto.

10    2.     In the course of my duties as a Manager of Associate Relations, I have
11 access to Ms. Paulino's personnel records, including acknowledgments Ms. Paulino
12 signed during her employment at Marshalls and other documents relating to her
13 employment, which are kept and maintained in the regular course of Marshalls'
14 business. In addition, in my role I have access to Human Resource Information
15 Systems personnel data of Marshalls. Further, I oversee employees with the ability to
16 run reports compiling employee personnel data including, among other things, dates
17 of employment, job titles and hours worked, etc. Finally, I am an authorized
18 custodian of Marshalls' records pertaining to human resource matters, including
19 company policies, procedures, and standards, including related to Marshalls'
20 arbitration program.

21    3.     Marshalls is a wholly owned subsidiary of TJX.

22    4.     At all relevant times, from November 16, 2014 (the beginning of the
23 alleged statute of limitations period for Ms. Paulino's claims) through the present, Ms.
24 Paulino has been employed by Marshalls as an Assistant Store Manager –
25 Merchandise at Marshalls stores in San Diego County. Ms. Paulino is currently
26 employed as an Assistant Store Manager - Merchandise at the Marshalls store located
27 at 161 S. Las Posas, San Marcos, California, 92078. Prior to October 2016, Ms.
28 Paulino was employed at the Marshalls store located at 4209 Genesee Ave., San

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE CLASS ALLEGATIONS

2

Case No. 19-cv-00099-CAB-AGS

Diego, California 92117.   All employees of Marshalls, including Assistant Store Managers and other employees who have store closing responsibilities, are known as "Associates."

5.      In January 2014, Marshalls, along with its parent corporation, TJX, rolled out a new arbitration agreement to all then-current Marshalls Associates in California (the "Arbitration Agreement").   A true and correct copy of the Arbitration Agreement is attached hereto as **Exhibit A**.

6.      As part of the arbitration program rollout, in January 2014, TJX and its subsidiaries, including Marshalls, distributed a hard copy of the "Your Voice Your Choice" booklet and the Arbitration Agreement to all Associates in attendance at store meetings held during that time period in each store location nationwide, including at the Marshalls store in San Diego where Ms. Paulino worked at that time.   If an Associate missed the store meeting, store managers were requested to make every attempt to deliver the "Your Voice Your Choice" booklet and Arbitration Agreement to those Associates during the following week.   Management was further instructed to obtain a signed acknowledgement of receipt from all Associates who received the "Your Voice Your Choice" booklet and the Arbitration Agreement in the store.   A true and correct copy of the "Your Voice Your Choice" booklet provided to Ms. Paulino and other Marshalls Associates at the San Diego store is attached hereto as **Exhibit B**.

7.      In January 2014, TJX purchased a ComplianceManager policy compliance system from Mark Business Intelligence Systems LLC ("Mark Business") for the purpose of providing an online option for Associates to make their election to agree or decline the Arbitration Agreement.   The system provided all of the materials for Associates to review, including the "Your Voice Your Choice" booklet, the Arbitration Agreement, and a video.   In addition, the compliance system was used to track and maintain data for all Associates, including Marshalls Associates, for

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO                    3                    Case No. 19-cv-00099-CAB-AGS
STRIKE CLASS ALLEGATIONS

1    purposes of recording all decisions to Agree or Decline to participate in the

2    Arbitration Agreement, whether initiated by mail or via the compliance website.

3            8.     In conjunction with the ComplianceManager system, in January 2014,

4    TJX and Marshalls notified Associates of the arbitration program by prominently

5    adding a "TJX Your Voice Your Choice" link at the top of the company's

6    myTJX.com website, which link provided access to the "Your Voice Your Choice"

7    booklet and the Arbitration Agreement.  The link was available to all Associates

8    employed by Marshalls, including Ms. Paulino.

9            9.     In order to further notify and inform Associates about the "Your Voice

10   Your Choice" program, TJX hired a vendor, Quad Graphics, to perform a first class,

11   direct mailing to all Associates regarding the "Your Voice Your Choice" program.

12   Specifically, TJX asked Quad Graphics to prepare a mailing of the "Your Voice Your

13   Choice" booklet and the Arbitration Agreement to all Associates, as well as monitor

14   and track any mailed responses from Associates regarding the same.  The mailed

15   responses were later transmitted to Mark Business for purposes of tracking and

16   recording all agree and decline decisions, whether initiated by mail or via the

17   compliance website.

18           10.    Ms. Paulino received a copy of the "Your Voice Your Choice" booklet,

19   along with the Arbitration Agreement, in January 2014, as verified by her signed

20   acknowledgment form dated January 23, 2014.  This acknowledgment form has been

21   kept and maintained in the regular course of Marshalls' business operations.  A true

22   and correct copy of Ms. Paulino's January 23, 2014, signed acknowledgment form is

23   attached hereto as **Exhibit C**.

24           11.    Marshalls made participation in the arbitration process voluntary, in that

25   it was not made a condition of employment, and Associates had the choice to decline

26   participation.  Thus, Marshalls Associates, including Ms. Paulino, could decline to

27   participate in the Arbitration Agreement by opting out via mail or online at the

28   myTJX.com website by March 12, 2014.  As specified in the Arbitration Agreement

ITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego  CA 92101-3577
619 232 0441

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE CLASS ALLEGATIONS          4          Case No. 19-cv-00099-CAB-AGS

1   and in the "Your Voice Your Choice" booklet, if a Marshalls Associate did not

2   affirmatively opt out of the Arbitration Agreement either via mail or online by March

3   12, 2014, their continued employment with Marshalls would constitute agreement to

4   the Arbitration Agreement and it became binding on the Associate and Marshalls.

5       12.    Ms. Paulino opted out of the Arbitration Agreement via a letter sent to

6   Marshalls on March 9, 2014.   A true and correct copy of Ms. Paulino's letter is

7   attached hereto as **Exhibit D**.

8       13.    For Marshalls Associates hired after the initial rollout of the Arbitration

9   Agreement in January 2014, Associates have been presented during the new hire

10  process with a "Your Voice Your Choice" document and an updated version of the

11  Arbitration Agreement.   The updated version of the Arbitration Agreement provided

12  that the Associate could decline to participate in the Arbitration Agreement by opting

13  out via mail or online at the myTJX.com website within 45 days of their hire date.   As

14  specified in the updated Arbitration Agreement and accompanying "Your Voice Your

15  Choice" booklet, if a Marshalls Associate did not affirmatively opt out of the

16  Arbitration Agreement either via mail or online within 45 days of their hire date, they

17  were deemed to have agreed to the Arbitration Agreement and it became binding on

18  the Associate and Marshalls.   A true and correct copy of the Arbitration Agreement,

19  acknowledgment form, and "Your Voice Your Choice" document presented to

20  Marshalls Associates hired after the initial January 2014 rollout of the Arbitration

21  Agreement is attached hereto as **Exhibit E**.

22      14.    Based on my review of Marshalls' Associate records maintained in the

23  regular course of the company's business, I can confirm that between August 11, 2016

24  to December 20, 2018 (through which date the data was last pulled), Marshalls

25  employed approximately 598 non-exempt Associates in California who were

26  responsible for supervising store closings during some or all of that period of time.

27  As part of the process of preparing this declaration, I understand that a list containing

28  the names of the 598 non-exempt Associates at issue was transmitted to Mark

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego  CA 92101 3577
619 232 0441

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO          5          Case No. 19-cv-00099-CAB-AGS
STRIKE CLASS ALLEGATIONS

1  Business so that Mark Business could provide data relating to how many of those

3  Associates either opted out or agreed to the Arbitration Agreement during that same

4  time period.

5          I declare under the penalty of perjury under the laws of the United States and

6  California that the foregoing is true and correct.

7          Executed this ⟨28⟩ day of January, 2019, at Framingham, MA.

9          W. Alex Koch

FIRMWIDE:162063970.1 053070.1253

DECLARATION OF W. ALEX KOCH IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE CLASS ALLEGATIONS

6

Case No. 19-cv-00099-CAB-AGS

Paulino v. Marshalls of CA, LLC
19-cv-00099-CAB-AGS

DECLARATION OF ALEX KOCH

**Index of Exhibits**

| EXHIBIT | DOCUMENT | PAGE(S) |
|---------|----------|---------|
| A | Arbitration Agreement | 8-14 |
| B | "Your Voice Your Choice" Booklet provided to Ms. Paulino | 15-28 |
| C | January 23, 2014 signed Acknowledgment form | 29-30 |
| D | March 9, 2014 letter from Ms. Paulino opting out of Arbitration Agreement | 31-32 |
| E | Copy of Arbitration Agreement, acknowledgment form, and "Your Voice Your Choice" document presented to Marshalls Associates hired after the initial January 2014 rollout of the Arbitration Agreement | 33-40 |

# EXHIBIT A

## ARBITRATION AGREEMENT

**This Arbitration Agreement is a legal contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so. It is your choice.**

**El acuerdo de resolución es un contrato legal y cubre aspectos importantes de tus derechos. Es tu absoluta responsabilidad leerlo y entenderlo. Tienes la libertad de buscar asistencia de asesores independientes de tu elección fuera de la Empresa o de abstenerte de buscar asistencia si esa es tu elección.**

## 1. How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Associate's employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies (collectively, "TJX" or the "Company") or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an Arbitrator through final and binding arbitration and not by way of court or jury trial. Except as stated in paragraph 5 below, Associate and Company agree that any dispute or controversy covered by this Agreement, or arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of where Associate is or was last employed by the Company. The AAA Rules may be found at www.adr.org or by searching for "AAA Employment Arbitration Rules" using a service such as www.Google.com or www.Bing.com or by contacting HR XPRESS (Tel. 888.627.6299) for a copy of the rules. If there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern.

Except as it otherwise provides, this Agreement also applies, without limitation, to any claims under federal, state, local or other applicable law based upon or related to discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded below. The Agreement specifically covers, without limitation, all claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Equal Pay Act, Pregnancy Discrimination Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Polygraph Protection Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act,



Genetic Information Non-Discrimination Act, including amendments to all the foregoing statutes, and state and municipal statutes, if any, addressing the same or similar subject matters.

## 2. Limitations On How This Agreement Applies

**This Agreement does not apply to any action filed in any court prior to January 14, 2014.**

This Agreement does not apply to claims for workers' compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to predispute Arbitration Agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

## 3. Starting The Arbitration And Tolling Of Claims

The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first-class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department at the following address: 770 Cochituate Road, Framingham, MA 01701, Attention: General Counsel. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

All claims in arbitration are subject to the same statutes of limitation that would apply in court. With respect to a covered legal claim the applicable statute(s) of limitation will be tolled during the period in which TJX and the Associate are engaged in the facilitation phase of the Company's Open Door process (the "Tolling Period"). In order to trigger the Tolling Period the Associate must contact his or her HR Partner or call HR XPRESS. The Tolling Period may only be extended by written mutual agreement of the Associate and TJX.

## 4. How Arbitration Proceedings Are Conducted

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator. At a party's request or on the Arbitrator's own initiative, the Arbitrator may subpoena witnesses or documents for discovery purposes or for the arbitration hearing.

## 5. Class Action, Collective Action, and Private Attorney General Waiver

The Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver"). The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.

(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver"). The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances and where the claim is brought as a private attorney general claim, such private attorney general claim must be litigated in a civil court of competent jurisdiction.

Although an Associate will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

## 6. Paying For The Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. The Company will pay the Arbitrator's and arbitration fees.



## 7. The Arbitration Hearing And Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator shall apply applicable law and will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The Arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.

## 8. An Associate's Right To Decline Participation In The Agreement

Arbitration is not a mandatory condition of Associate's employment at the Company, and therefore an Associate may, by March 12, 2014, decline participation in this Agreement. An Associate who does not want to participate in this Agreement may prepare a signed and dated letter stating that the Associate declines to participate in this Agreement. The letter should include the Associate's Associate Identification Number ("AIN") and the location where the Associate works. The Associate should mail his or her letter to TJX Companies, PO Box 4714, Woburn, MA 01888-9962 using the prepaid envelope included with this Agreement and should retain a copy of the letter for his or her records. Alternatively, the Associate may decline to participate in this Agreement by accessing the Agreement through myTJX.com, scrolling to the bottom of the Agreement, and typing the Associate's first and last name in the text field labeled "I decline to participate in this Agreement" at the bottom of the Agreement. In order to effectively decline to participate, an Associate must indicate his or her desire to decline participation through one of the two methods described in this paragraph by March 12, 2014.

An Associate who timely declines to participate as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies in court and through a class or collective action without regard to this Agreement.

Should an Associate neither accept nor decline to participate in this Agreement by March 12, 2014, continuing the Associate's employment constitutes mutual acceptance of the terms of this Agreement by Associate and the Company. An Associate has the right to consult with counsel of the Associate's choice concerning this Agreement.

## 9. Non-Retaliation

It is against Company policy for any Associate to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Associate believes that he or she has been retaliated against by anyone at the Company, the Associate should immediately report this to the Human Resources Department.

## 10. Enforcement Of This Agreement

This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. Except as stated in paragraph 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver, or Private Attorney General Waiver is deemed to be unenforceable, the Company and Associate agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

Each Associate should retain a copy of this Agreement for his or her records.

By Associate signing this Agreement, it becomes effective immediately.

An Associate may decline participation in this Agreement by March 12, 2014, as provided in paragraph 8, above. If the Associate does not decline participation by March 12, 2014, continuing Associate's employment past March 12, 2014 constitutes mutual acceptance of the terms of this Agreement.

AGREED:     __TJX_____

AGREED:     _____

          ASSOCIATE NAME PRINTED

          _____

          ASSOCIATE SIGNATURE

          _____

          SIGNATURE OF PARENT OR LEGAL GUARDIAN (REQUIRED IF
                 ASSOCIATE IS UNDER 18 YEARS OF AGE)

Date:       _____

 

 

_____

AIN #

_____

First Name              Last Name

_____

Address

_____

City, State Zip

 

Please return the entire signed Agreement (consisting of three sheets of paper with text on front and back) to TJX Companies, PO Box 4714, Woburn, MA 01888-9962 using the prepaid envelope included in your packet, unless you choose to decline participation as explained in paragraph 8 above.

# EXHIBIT B



YOUR VOICE.
YOUR CHOICE.

JANUARY/FEBRUARY 2014

# TABLE OF CONTENTS

Letter from EVP, Chief HR Officer ............................................................... 3

Internal Resources ........................................................................................ 4-5

External Resource ......................................................................................... 6-7

Online Resources .......................................................................................... 8

Frequently Asked Questions ........................................................................ 9-11

2

# YOUR VOICE.
# YOUR CHOICE.

To our valued Associates,

Our Open Door philosophy represents our strong commitment to listening to each other and resolving issues together and is available to every one of our Associates, regardless of position or location. With our amazing growth, we must continue our focus on relationships and face-to-face communication. This requires a more structured process to ensure that as we grow, every Associate continues to be heard in a personal and authentic way.

Our commitment to you is that no matter how large we grow, your voice will always be heard. Throughout this packet you will learn more about how we are enhancing and formalizing our communication processes to provide you with a variety of ways to be heard both internally and externally – specifically in the case of raising an issue or concern.

In your packet you will also find an Arbitration Agreement. Please read it carefully as it is a legal document. After watching the DVD and reviewing all the included materials, you will have a choice to either sign the agreement or select to decline the agreement. We ask that you notify us of your choice on or before March 12, 2014 using the envelope included or online at myTJX.com. If you do not decline the agreement by March 12, 2014, you will be bound by the terms of the Arbitration Agreement, and you will waive your right to file a claim in court and participate in a class or collective action as described in the Arbitration Agreement.

Thank you for taking the time to review the information in this packet. Please also take advantage of the provided frequently asked questions, or contact HR XPRESS at 1-888-627-6299, should you want more information. As a company, we believe that by working together directly, there is little we can't resolve.

Thank you.

Amy Fardella
*EVP, Chief Human Resources Officer*
*The TJX Companies, Inc.*

3

# YOUR VOICE.
# YOUR CHOICE.

## INTERNAL RESOURCES

At TJX, we are very proud of our heritage; the cornerstone of which is our Open Door philosophy, which has been the foundation of our culture, relationships, and open communication since we began over three decades ago. The Open Door represents our strong commitment to listening to each other and solving problems together and is available to every one of our Associates regardless of your position or location.

The Open Door has always been, and will continue to be, the way in which we share ideas, raise concerns, and ensure your voice is heard.



Open Door with
Management

Open Door with
HR Partner

Open Door with
TJX Facilitator

**Arbitration***

*Only claims covered by the Arbitration Agreement may be submitted to arbitration.*

4

With our exciting growth, we are challenged to preserve our culture and because of that, we are formalizing the Open Door process to provide you with a variety of ways to be heard — specifically in the case of raising an issue or concern. If you want to raise a concern, below are three internal resources available to you through our Open Door philosophy.

## OPEN DOOR WITH MANAGEMENT

The Open Door is a communication philosophy that enables Associates and Managers to resolve issues through direct communication. You are encouraged to reach out to anyone within, or outside of, your area of the business without fear of retaliation. You should always feel free to reach out in person, on the phone, in writing, or however you feel comfortable. There is no formal documentation required — just an open dialogue. Historically, we have found that most issues can be resolved through this dialogue.

## OPEN DOOR WITH HR PARTNER

You also have the opportunity to communicate your issue or concern to the HR Partner responsible for your area. Your HR Partner will listen to your concern and will speak with all appropriate parties to gather additional information. Then, the HR Partner will engage in a discussion with you and a member of Management to review the findings in the hopes of reaching a resolution.

## *NEW* OPEN DOOR WITH TJX FACILITATOR

In addition to these lines of communication, we are introducing an additional resource — a TJX Facilitator, whose role it will be to review your concerns, facilitate possible mediation, and assist all parties in attempting to reach a resolution. In most cases the Facilitator will be an HR Associate from a different area of the Company, and may not have had any previous contact or knowledge of any of the issues or parties involved. This internal resource will serve as a fresh set of eyes and ears on your concern and provide potential solutions. The Facilitator will collect additional information; speak with additional people if needed; and perhaps bring parties together. The Facilitator will then present a specific recommendation on what he/she believes the proper resolution to the situation should be.

# YOUR VOICE.
# YOUR CHOICE.

## EXTERNAL RESOURCE

Most issues and concerns are resolved through our Open Door process but as in any organization, on occasion there may be work-related issues or concerns involving legal claims that we cannot resolve. In these instances only, we are introducing the process of individual arbitration. Even though individual arbitration may sound unfamiliar to you, it has been around for many years and has been implemented by many organizations, including quite a few within the Retail industry.



*Only claims covered by the Arbitration Agreement may be submitted to arbitration.

## ARBITRATION

Arbitration is a private process, less formal than court, where covered claims between you and the Company (as defined in the Arbitration Agreement) are resolved without filing a claim in court or by participating in a class or collective action. In arbitration, the parties choose an independent, neutral third party to hear and resolve the case. This individual is called an "Arbitrator." The Arbitrator is authorized to resolve the dispute and render a decision that is final and legally binding to both sides, subject only to a very limited judicial review.

The arbitration hearing is typically held local to where you live or to where you were last employed by TJX. Normally, arbitration is private, and the decision of the Arbitrator is confidential. The Company will pay all of the administrative fees and expenses associated with the arbitration, including the cost of the Arbitrator.

In arbitration, like in court, you and TJX have the right to request and exchange information and documents. You and TJX will also be able to submit written requests to the Arbitrator asking that certain legal issues be resolved.

During the arbitration hearing, both sides will be able to submit evidence and call witnesses. The Arbitrator can also subpoena witnesses or documents that the Arbitrator believes may provide information that will be useful in reaching a decision. The Arbitrator will review the facts, consider the evidence submitted, and make legal rulings. Arbitrations will be conducted on an individual basis only, and there are no class or collective actions permitted in arbitration proceedings under the TJX Arbitration Agreement. The Arbitrator can issue you all the same individual awards that are available to you in a court proceeding.

If you choose to consult an attorney or to be represented by one during the arbitration process, you will be responsible for your attorney's fee and expenses, although you may be awarded those fees and expenses by the Arbitrator.

## NEXT STEPS

Included in your package is an Arbitration Agreement. Please read it carefully as it is a legal document. On or before March 12, 2014, you have a choice to either sign the agreement or decline to participate in the agreement. To decline, please refer to Section 8 of the Arbitration Agreement for further details. If you do not decline participation by March 12, 2014, you and TJX are agreeing to submit all covered claims to binding individual arbitration instead of going to court and you waive your right to participate in a class or collective action. This agreement is a legal document and the decision to participate in the arbitration process is solely yours.

You also have the option to complete and submit your Arbitration Agreement electronically as well as the option to decline to participate in the agreement electronically. To do this, go to myTJX.com, and from the Associate page select the "Your Voice. Your Choice." icon. Once logged in you will find information is available in both English and Spanish. We ask that whether online or via paper, you complete and submit your Arbitration Agreement or decline to participate in the agreement on or before March 12, 2014.

The Open Door has always been, and will continue to be the way in which we share ideas, raise concerns, and ensure your voice is heard. By enhancing our culture of open communication through the addition of internal TJX Facilitation and external individual arbitration, we can continue to work directly with you to resolve issues and concerns early and fairly.

# YOUR VOICE. YOUR CHOICE.

ONLINE RESOURCES AT MYTJX.COM!

# SU VOZ. SU OPCIÓN.

¡RECURSOS EN LÍNEA EN MYTJX.COM!

In addition to the materials in this packet, you also have the option to go to **myTJX.com** for this information in both English and Spanish, as well as the option to **electronically complete and submit your signed agreement or your request to decline participation.** We ask that whether online or via paper, you notify us of your decision **on or before March 12, 2014.**

Además de los materiales que contiene este paquete, también tiene la opción de ir a **myTJX.com** para obtener esta información tanto en inglés como en español, así como la opción de completar y enviar **electrónicamente su convenio firmado o solicitar rechazar su participación.** Le pedimos que bien sea en línea o en papel, nos notifique sobre su decisión **antes de o el 12 de marzo de 2014.**

8



### Is Open Door changing? What is TJX Facilitation?

Open Door has always been how we ask each other for advice, share concerns and present ideas – and that will not change. However, we are adding an additional internal resource, called TJX Facilitation, which allows you to more formally address your issues or concerns. The TJX Facilitator will review your concerns, facilitate possible mediation, and assist all parties in attempting to reach a resolution. The Facilitator will be an HR Associate from a different area of the Company, and in most cases will not have any previous contact or knowledge of any of the issues or parties involved.

### What if I have an issue or concern that is not resolved through Open Door?

Through Open Door you may partner with Management, your HR Partner, or a TJX Facilitator. If you feel your issue is not resolved through these internal resources and your issue has work-related legal implications, you may request to go through the external individual arbitration process. If you do not decline the Arbitration Agreement by March 12, 2014, you will be bound by the agreement. Please see the Arbitration Agreement for more detailed information on participation in the arbitration process. If you do not participate in the Arbitration Agreement you will not be eligible to submit claims to arbitration.

### What is arbitration?

Arbitration is a voluntary process for resolving individual work-related legal issues or concerns between TJX and its Associates by using an independent, neutral individual (called the Arbitrator) rather than going through a court proceeding or participating in a class or collective action.

### Why introduce arbitration now?

TJX believes that legal claims can be more quickly and directly resolved in an individual arbitration between you and TJX, rather than in a court proceeding or by participating in a class or collective action.

### How does arbitration work?

You and TJX, by mutual agreement, will select a neutral and independent arbitrator from the American Arbitration Association to hear any covered work-related legal claims. Just like in court, both sides will be able to submit evidence and call witnesses at the arbitration hearing. The Arbitrator can subpoena witnesses or documents that the Arbitrator believes may provide information that will be useful in reaching a decision. The Arbitrator will review the facts, consider the evidence submitted, and make legal rulings. The Arbitrator can issue you all the same individual awards that are available to you in a court proceeding. The Arbitrator's decision is legally binding for both you and TJX, subject only to limited judicial review.

### How are these resources different than Open Door?

The Open Door provides an informal avenue for any Associate to raise ideas, questions or concerns with any member of Management. Adding internal facilitation and external arbitration as additional resources does not eliminate or change the Open Door. Facilitation offers more formalized procedures for any Associate to request that a Facilitator review any issues or concerns beyond their Manager. If the issue is not resolved through the Open Door, an Associate who is subject to the Arbitration Agreement may choose to bring a covered claim to arbitration.

Exhibit B
Page 24

**What is a "covered claim"?**
As described in Paragraph 1 of the Arbitration Agreement, a covered claim includes any claims under Federal, State, local or other applicable law based upon or related to discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded by the agreement. Paragraph 2 also describes the claims that are not covered by the Arbitration Agreement such as claims for workers' compensation, state disability insurance and unemployment insurance benefits. Please refer to Paragraph 1 of the Arbitration Agreement for a complete list of covered claims.

**Can I use the Open Door even if I decline to participate in the arbitration process?**
Yes. The Open Door process, including internal TJX Facilitation, is available to all Associates regardless of their decision to participate in the arbitration process.

**Why do I need to sign a legal form?**
The Arbitration Agreement is a contract – a legally binding document in which you and TJX agree to submit all covered work-related legal claims to binding arbitration. If you do not decline participation in the agreement on or before March 12, 2014, you and TJX agree to submit all covered claims to binding individual arbitration and to waive the right to file a covered claim in court and your right to participate in a class or collective action. You and TJX also agree to have claims heard in arbitration on an individual basis only.

**What happens if I do not sign the agreement?**
You are not required to sign the agreement. Agreeing to participate in the arbitration process is voluntary. However, if you do not decline participation in the agreement as described in the agreement, you agree to submit all covered work-related legal claims to binding individual arbitration and you also agree to waive your right to file a claim in court and your right to participate in a class or collective action.

**What happens if I do not sign or decline my Arbitration Agreement by the deadline?**
If you neither sign nor decline your Arbitration Agreement on or before March 12, 2014, you will be bound by the terms of the Arbitration Agreement and you will be required to submit any covered claims to arbitration rather than in a court or in a class or collective action.

**Who is being asked to participate in this program?**
TJX is asking U.S. Associates at all levels to participate in the arbitration process.

**Am I giving up anything by agreeing to participate in the arbitration process?**
If you agree to participate in the arbitration process, both you and the Company are giving up the right to have an employment-related claim heard in court or by a jury for any dispute covered by the Arbitration Agreement. You are also giving up your right to participate in a class or collective action.

**Who pays for arbitration?**
The Company will pay all of the administrative fees and expenses associated with the arbitration, including the cost of the Arbitrator. If you choose to consult an attorney or to be represented by one during the arbitration process, you are responsible for your attorney's fees and expenses, although you may be awarded those fees and expenses by the Arbitrator.

**Do I need to use the Open Door process before I go to arbitration?**
Although we encourage you to use the Open Door process, it is not necessary and you can go directly to arbitration for covered claims if you participate in the Arbitration Agreement.

**What happens if my dispute is not covered by the Arbitration Agreement but I am still not satisfied with the decision of my TJX Facilitator?**
The decision of the TJX Facilitator is final, although you may have the right to seek further review of the matter outside the arbitration process if it is a work-related legal claim.

**What does "legally binding" mean in the arbitration process?**
"Legally binding" means the decision of the Arbitrator is final and conclusive for both you and TJX, and the decision can be enforced in a court of law. The Arbitrator's decision is subject only to very limited judicial review. Because the Arbitration Agreement is a legal document, we encourage you to carefully review it and consult with an advisor of your own choosing to ensure you fully understand the scope of the agreement and its impact on your legal rights.

10

**How is an independent Arbitrator selected?**
The Arbitrator will be selected by both parties according to the rules of the American Arbitration Association.

**Can I complete or decline my Arbitration Agreement online?**
Yes. To do this, go to myTJX.com, and from the Associate page select the "Your Voice. Your Choice." icon. Once logged in you will find information is available in both English and Spanish. We ask that whether online or via paper, you complete and submit your arbitration agreement or decline to participate in the agreement on or before March 12, 2014.

**How do I return my signed agreement or my request to decline the agreement?**
Please use the pre-paid envelope provided in your packet. To protect your confidentiality, please do not return either of these documents to anyone at TJX. Also, please note if you are declining participation of the Arbitration Agreement via paper, you must include your work location and AIN number in your document. Your AIN can be found on your personalized agreement as well as on your pay stub. Please print clearly and ensure you retain a copy of this mailing for your records.

**Why does an issue have to be of a "legal nature" before it can go to arbitration?**
The individual arbitration procedure is intended to include only covered legal claims. The covered legal claims are described in detail in the Arbitration Agreement.

**What does "legal nature" mean?**
"Legal nature" refers to a claim that has a basis under Federal, State or any other law as defined in Paragraph 1 of the Arbitration Agreement.

**What does "decline" mean?**
"Decline" refers to an Associate's right to decide not to participate in the Arbitration Agreement. The right to decline participation in the Arbitration Agreement is described in the agreement in Paragraph 8. The choice whether to decline or not is yours alone. You will not be retaliated against for declining participation in the agreement.

**Who do I contact if I do not get a package at home?**
Please call HR XPRESS at 1-888-627-6299.

**Who is my HR Partner?**
You can locate your HR Partners by looking on the Open Door poster in your work location. Their business card with contact information is attached to the poster.

**The "Your Voice. Your Choice." website is asking me for my AIN number. Where do I find it?**
You can find your nine-digit AIN on your personalized agreement as well as your pay stub.

**Who do I reach out to with questions?**
If you have any questions, please contact HR XPRESS at 1-888-627-6299.

**I received two packets, one in the meeting and one at home. Do I need to sign both agreements?**
No. You only need to sign or decline one agreement either on paper or online at myTJX.com. If sending via paper, please keep the other copy for your records.

**I am a minor. Do I need to sign the agreement?**
Associates under the age of 18 must have their agreement or request to decline participation document signed by a parent or legal guardian.

**What do I need to do by March 12, 2014?**
As described in the Arbitration Agreement, you may choose, within the time period provided in the agreement, to sign or decline to participate in the agreement. An Associate may retain the right to bring a claim in court and participate in a class or collective action by declining participation in the agreement on or before March 12, 2014. If an Associate does not decline participation in the agreement on or before March 12, 2014, the Associate and TJX agree that they will resolve any work-related legal claims through binding arbitration instead of through a court proceeding or a class or collective action. Please reference Paragraph 1 in the Arbitration Agreement for more information on covered work-related legal claims.

11

Mail in your completed agreement or request to decline,
or submit online at **myTJX.com**, on or before March 12, 2014.







## BUSINESS REPLY MAIL
FIRST-CLASS MAIL     PERMIT NO. 120     WOBURN MA

POSTAGE WILL BE PAID BY ADDRESSEE

**THE TJX COMPANIES, INC**
**PO BOX 4717**
**WOBURN MA 01888-9962**

Exhibit B
Page 28



# EXHIBIT C

Exhibit C
Page 29



# ASSOCIATE ACKNOWLEDGMENT FORM

This is to acknowledge that I, Joan Paulino
have received a copy of the "Your Voice. Your Choice." Associate Packet.

Signature   *Joan Kathryn Paulino*

Print Name   *JOAN KATHRYN Paulino*

Date   1/23/14

AIN #990585950
Joan Paulino



990585950001


A Company Of Choice

TJX   T·J·maxx   Marshalls   HomeGoods   marmaxx   SIERRA TRADING POST

Wave 4 = January 22nd   MAIL 11964   SEQ 008813

Exhibit C
Page 30

# EXHIBIT D

March 9, 2014

Joan K. Paulino

████████████████


TJX Companies
PO Box 4714
Woburn, MA  01888-9962

Joan Kathryn Paulino declines participation in
The Arbitraton Agreement.
AIN # 990585950

Sincerely,

*Joan K. Paulino*

Joan K. Paulino
Marshalls store 0481
4209 Genessee Avenue
San Diego, CA  92117

RECEIVED
MAR 1 4 2014
By

# EXHIBIT E

ARBITRATION AGREEMENT

> **This Arbitration Agreement is a legal contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so. It is your choice.**

## 1. How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Associate's employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies (collectively, "TJX" or the "Company") or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an Arbitrator through final and binding arbitration and not by way of court or jury trial. Except as stated in paragraph 5 below, Associate and Company agree that any dispute or controversy covered by this Agreement, or arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of where Associate is or was last employed by the Company. The AAA Rules may be found at www.adr.org or by searching for "AAA Employment Arbitration Rules" using a service such as www.Google.com or www.Bing.com or by contacting HR XPRESS (Tel. 888.627.6299) for a copy of the rules. If there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern.

Except as it otherwise provides, this Agreement also applies, without limitation, to any claims under federal, state, local or other applicable law based upon or related to discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded below. The Agreement specifically covers, without limitation, all claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Equal Pay Act, Pregnancy Discrimination Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Polygraph Protection Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, including amendments to all the foregoing statutes, and state and municipal statutes, if any, addressing the same or similar subject matters.

## 2. Limitations On How This Agreement Applies

**This Agreement does not apply to any action filed in any court prior to January 14, 2014.**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

## 3. Starting The Arbitration And Tolling Of Claims

The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department at the following address: 770 Cochituate Road, Framingham, MA 01701, Attention: General Counsel. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

All claims in arbitration are subject to the same statutes of limitation that would apply in court. With respect to a covered legal claim the applicable statute(s) of limitation will be tolled during the period in which TJX and the Associate are engaged in the facilitation phase of the Company's Open Door process (the "Tolling Period"). In order to trigger the Tolling Period the Associate must contact his or her HR Partner or call HR XPRESS. The Tolling Period may only be extended by written mutual agreement of the Associate and TJX.

## 4. How Arbitration Proceedings Are Conducted

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.  At a party's request or on the Arbitrator's own initiative, the Arbitrator may subpoena witnesses or documents for discovery purposes or for the arbitration hearing.

2
TJX Arbitration Agreement

**5. Class Action, Collective Action, and Private Attorney General Waiver**

**The Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly,**

**(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver").  The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.**

**(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver").  The Collective Action Waiver shall not be severable from this Agreement in any case in which  (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable.  In such instances, the collective action must be litigated in a civil court of competent jurisdiction.**

**(c)  There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver"). The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable.  In such instances and where the claim is brought as a private attorney general claim, such private attorney general claim must be litigated in a civil court of competent jurisdiction.**

Although an Associate will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

**6. Paying For The Arbitration**

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law.  The Company will pay the Arbitrator's and arbitration fees.

## 7. The Arbitration Hearing And Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator shall apply applicable law and will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The Arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.

## 8. An Associate's Right To Decline Participation In The Agreement

**Participation in this Agreement is not a mandatory condition of Associate's employment at the Company, and therefore an Associate may, no later than 45 days from the Associate's date of hire, decline participation in this Agreement.**  An Associate who does not want to participate in this Agreement may prepare a signed and dated letter stating that the Associate declines to participate in this Agreement. The letter should include the Associate's Associate Identification Number ("AIN") and the location where the Associate works. The Associate should mail his or her letter to The TJX Companies, Inc., PO Box 2410, Kyle, TX 78640, and should retain a copy of the letter for his or her records. Alternatively, the Associate may decline to participate in this Agreement by accessing the Agreement through myTJX.com and typing the Associate's first and last name in the text field labeled "I decline to participate in this Agreement." **In order to effectively decline to participate, an Associate must indicate his or her desire to decline participation through one of the two methods described in this paragraph no later than 45 days from the Associate's date of hire.**

An Associate who timely declines to participate as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies in court and through a class or collective action without regard to this Agreement.

**If an Associate does not decline to participate in this Agreement within 45 days of the Associate's date of hire, continuing the Associate's employment constitutes mutual acceptance of the terms of this Agreement by the Associate and the Company. An Associate has the right to consult with counsel of the Associate's choice concerning this Agreement.**

## 9. Non-Retaliation

It is against Company policy for any Associate to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Associate believes that he or she has been retaliated against by anyone at the Company, the Associate should immediately report this to the Human Resources Department.

## 10. Enforcement Of This Agreement

This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. Except as stated in paragraph 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver, or Private Attorney General Waiver is deemed to be unenforceable, the Company and Associate agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**Each Associate should retain a copy of this Agreement for his or her records.**

**An Associate may decline participation in this Agreement no later than 45 days from the Associate's date of hire, as provided in paragraph 8, above. If the Associate does not decline participation within 45 days of the Associate's date of hire, continuing Associate's employment constitutes mutual acceptance of the terms of this Agreement.**

5
TJX Arbitration Agreement





## ASSOCIATE ACKNOWLEDGMENT FORM

I have received a TJX Arbitration Agreement and understand that I am covered by the Agreement unless I decline to participate, as described in paragraph 8 of the Agreement, within 45 days from my date of hire.

**AGREED:**  The TJX Companies, Inc.

**AGREED:** _____
*Associate Printed Name*

**AGREED:** _____
*Associate Signature*

**DATE OF HIRE:** _____

Please retain a copy of this acknowledgment form for your records.

    

# YOUR VOICE.
# YOUR CHOICE.

## OPEN DOOR

At TJX, we have a long history of treating people with dignity, fairness and respect. As an Associate, we believe you should have the opportunity to speak openly and be treated fairly at all times. The Open Door philosophy encourages all Associates to ask questions or bring ideas, concerns or complaints forward, without fear of reprisal, to your Manager or anyone else who can help guide you to a resolution. Open communication is everyone's responsibility and allows us to maintain a working environment built on honesty, integrity, trust and mutual respect.

Here are some ways you can use the Open Door:



Open Door with **Management**

Open Door with **HR Partner**

Open Door with **TJX Facilitator**

Arbitration*

**MANAGEMENT**
The Open Door enables Associates to work directly with their Managers to ask questions, suggest ideas, or voice concerns. There is no formal documentation required – just an open dialogue.

**HR PARTNER**
You may also reach out to an HR Partner responsible for your area. Your HR Partner will listen to your concern and will speak with all appropriate parties to gather additional information. Then, the HR Partner will engage in a discussion with you and a member of management to review the findings in the hopes of reaching a resolution.

**TJX FACILITATOR**
A TJX Facilitator will collect additional information and speak with additional people, if needed. In most cases the Facilitator will be an HR Associate who may not have had any previous contact or knowledge of any of the issues or parties involved.

*Please refer to the Open Door poster in your location for the names and contact information of your local Open Door resources.*

## ARBITRATION

Most issues and concerns are resolved through our Open Door process but as in any organization, on occasion there may be work-related issues or concerns involving legal claims that we cannot resolve. In these instances only, we have a process called individual arbitration. Arbitration is a private process, less formal than court, where covered legal claims between you and the Company (as defined in the Arbitration Agreement) are resolved without filing a claim in court or a class or collective action. In arbitration, the parties choose an independent, neutral third party to hear and resolve the case. For additional information and details on arbitration, please refer to the Arbitration Agreement.

*Only claims covered by the Arbitration Agreement may be submitted to arbitration.*

As a Company, we believe by working together directly through our internal Open Door resources, and our external arbitration resource, there is little we can't resolve.





