JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
AMY TODD-GHER, Bar No. 208581
atodd-gher@littler.com
MATTHEW B. RILEY, Bar No. 257643
mriley@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
MARSHALLS OF CA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CATHERYN PAULINO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 19-cv-00099-CAB-AGS<br><br>**DECLARATION OF SETTLEMENT ADMINISTRATOR IN SUPPORT OF MARSHALLS OF CA, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date:     March 5, 2019<br>Judge:    Hon. Cathy Ann Bencivengo<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Complaint Filed: November 16, 2018 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DECLARATION OF SETTLEMENT ADMINISTRATOR IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS

Case No. 19-cv-00099-CAB-AGS

1  I, Stephanie Molina, declare as follows:

2  1. I am a resident of the United States of America, and am over the age of 18. I am the Operations Manager for ILYM Group, Inc. (hereinafter referred to as "ILYM Group"), the professional settlement services provider who was retained by the parties and subsequently appointed by the Court to serve as the settlement administrator for the matter entitled *Kimberly Roberts, et al. v. T.J. Maxx of CA, LLC, et al*. I am authorized to make this declaration on behalf of ILYM Group. The following statements are based on my own personal knowledge and information provided by other ILYM Group employees working under my supervision and, if called upon to testify, I could and would testify competently to such facts.

2. On September 8, 2017, ILYM Group issued class notices to the *Roberts* Class Members. A true and correct copy of the class notice that was mailed to the *Roberts* Class Members, including Joan Paulino, is attached as **Exhibit A**.

3. Pursuant to the Settlement Agreement and Preliminary Approval Order in *Roberts*, putative Class Members had until November 7, 2017 to opt out or object to the Settlement. That deadline came and went, but ILYM Group never received an opt-out form or any other communication from Ms. Paulino.

4. On March 23, 2018, pursuant to the Settlement Agreement and Preliminary Approval Order in *Roberts*, ILYM Group issued an Individual Settlement Payment to Ms. Paulino in the amount of $371.78.

5. ILYM Group's records for the settlement fund established for the *Roberts* settlement show that Ms. Paulino cashed her check on April 4, 2018. A true and correct copy of the negotiated settlement check is attached as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 28th day of January, 2019 in Tustin, California.

_____
Stephanie Molina

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DECLARATION OF SETTLEMENT ADMINISTRATOR IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS   2   Case No. 19-cv-00099-CAB-AGS

Paulino v. Marshalls of CA, LLC
19-cv-00099-CAB-AGS

DECLARATION OF SETTLEMENT ADMINISTRATOR

**Index of Exhibits**

| EXHIBIT | DOCUMENT | PAGE(S) |
|---|---|---|
| A | September 8, 2017 Class Notice to the *Roberts* Class Members | 4-13 |
| B | Copy of Settlement Check to Ms. Paulino in the Roberts case dated April 4, 2018 | 14-15 |

# EXHIBIT "A"

# NOTICE OF CLASS ACTION SETTLEMENT

This is a Notice of Settlement for the Class Action Titled:
*Kimberly Roberts, et al. v. T.J. Maxx of CA, LLC, et al.*
United States District Court, Northern District of California
Case No. 3:13-cv-04731 MEJ

To: All current and former non-exempt employees who worked at a T.J. Maxx, Marshalls or HomeGoods branded retail store in the State of California from October 10, 2009 through and including August 10, 2016.

Please read this entire notice carefully. The parties to a class action lawsuit affecting you have reached an agreement to settle the action. Important information about your legal rights and obligations with respect to the settlement are provided below.

## WHY IT IS IMPORTANT TO READ THIS NOTICE

Judge Maria Elena James of the United States District Court for the Northern District of California (the "Court") has preliminarily approved a proposed class action settlement (the "Settlement") of all claims that were alleged or that could have been alleged in the litigation titled *Kimberley Roberts, Carneisha Forney, and Laurie Mullen* ("Plaintiffs") v. *T.J. Maxx of CA, LLC, Marshalls of CA, LLC, HomeGoods, Inc.* ("Defendants"), Case No. 3-13-cv-04731-MEJ (the "Action" or the "*Roberts* Action").

The Settlement affects all current and former non-exempt employees who worked at a T.J. Maxx, Marshalls or HomeGoods branded retail store in California from October 10, 2009 through and including August 10, 2016 (the "Class" or "Class Members"). You are being sent this Notice of Settlement because Defendants' records show that you were employed at a T.J. Maxx, Marshalls or HomeGoods branded retail store in California during the relevant time frame as a non-exempt employee. The purpose of this Notice is to provide you with a brief description of the class action lawsuit, to inform you of the terms of the proposed Settlement, and to discuss your rights and options in connection with the Action and Settlement. It is important that you read this Notice of Settlement carefully as your rights will be affected by the Settlement.

## WHAT THIS CLASS ACTION AND SETTLEMENT IS ABOUT

A class action is a lawsuit brought by one or more representative plaintiffs in which the claims and rights of many people are decided in a single court proceeding.

Plaintiffs Kimberly Roberts, Carneisha Forney and Laurie Mullen ("Plaintiffs") filed the Action, alleging that Defendants: (1) failed to pay minimum wages for all hours worked; (2) failed to provide meal periods; (3) failed to provide rest breaks; (4) failed to pay overtime; (5) failed to provide vacation pay; (6) failed to provide accurate, itemized wage statements; (7) failed to timely pay final wages at termination; (8) engaged in unfair competition; and (9) owe Private Attorneys General Act ("PAGA") penalties. Through the Action, Plaintiffs sought to be class representatives and to recover various forms of relief from Defendants on behalf of the Class.

Defendants deny all of the allegations in the Action and contend that they have complied with the California Labor Code and other applicable law at all times. However, Defendants have concluded that any further defense of this litigation would be protracted, burdensome and expensive. Therefore, Defendants have agreed to settle the claims in the manner and upon the terms set forth in this Notice of Settlement.

This Settlement is not an admission of any wrongdoing by Defendants or an indication that any law was violated. The Court did not decide in favor of Plaintiffs or Defendants. There was no trial. Instead, both sides agreed to

a no-fault resolution of the Action. The Settlement is intended to allow the Parties to avoid the costs of further litigation and a trial, while allowing the Class to receive payments and other relief from the Settlement as specified below.

Plaintiffs and their attorneys, who were preliminarily appointed as representatives for the Class, believe the Settlement is in the best interests of all Class Members.

| THE TERMS OF THE SETTLEMENT |
|---|

| I. Monetary Benefits to the Class |
|---|

The Settlement provides for a cash payment of $8,500,000 to fully and finally resolve all claims in the Action (the "Total Settlement Amount"). That amount will be calculated and distributed as explained below.

Class Counsel will apply to the Court for: (1) a "PAGA Award" of up to $100,000 in alleged PAGA penalties, which will be paid to the Class and the California Labor & Workforce Development Agency ("LWDA"); (2) "Service Awards" of up to $40,000, collectively, for the three named Plaintiffs for their work and efforts in prosecuting this case; (3) a "Class Counsel Fees Award," i.e., attorneys' fees, of up to $2,550,000; (4) "Class Counsel Costs Award," i.e., litigation expenses, of up to $60,000; and (5) "Settlement Administration Costs" of up to $250,000. The exact amounts to be awarded will be determined by the Court at the Final Approval Hearing, but will not exceed the amounts set forth above.

The remaining portion of the Settlement, the "Net Distribution Fund", is estimated to be $5,525,000 (i.e., the Total Settlement Amount of $8,500,000 minus the LWDA's portion of the PAGA Award ($75,000), proposed Class Counsel Fees Award ($2,550,000), proposed Class Counsel Costs Award ($60,000), proposed Plaintiffs' Service Awards ($40,000) and the anticipated Settlement Administration Costs ($250,000)). The Net Distribution Fund will be distributed to all Class Members who do not request exclusion from the monetary portion of the Settlement.

Class Members who do not request exclusion from the monetary portion of the Settlement will be members of what is referred to in the Settlement Agreement as the "Monetary Payment Class." The Monetary Payment Class will be divided into two groups:

(i) "Manager/Coordinator Monetary Payment Class Members" - which includes: (1) all current and former non-exempt employees who worked at a T.J. Maxx, Marshalls or HomeGoods branded retail store in the State of California during the Class Period; (2) who do not submit a timely Request for Exclusion (i.e., opt-out); and (3) at any point from October 10, 2009 through and including August 10, 2016 held a non-exempt manager title or a non-exempt coordinator title.

(ii) "Non-Manager/Non-Coordinator Monetary Payment Class Members" - which includes: (1) all current and former non-exempt employees who worked at a T.J. Maxx, Marshalls or HomeGoods branded retail store in the State of California during the Class Period, (2) who do not submit a timely Request for Exclusion (i.e., opt-out), and (3) never held a manager title or a coordinator title from October 10, 2009 through and including August 10, 2016.

Each Monetary Payment Class Member will receive a payment based upon the number of weeks s/he worked from October 10, 2009 through and including August 10, 2016 (the "Class Period") and based on whether s/he falls within the Manager/Coordinator or Non-Manager/Non-Coordinator Monetary Payment Class (as defined above). The dollar value of each week will differ for Manager/Coordinator Monetary Payment Class Members and Non-Manager/Non-Coordinator Monetary Payment Class Members in order to provide a 25% higher workweek value for Manager/Coordinator Monetary Payment Class Members. The workweek value is set 25% higher for individuals in the Manager/Coordinator Monetary Payment Class to account for the fact that individuals in that group generally earned a higher hourly wage and were more likely to work a full-time schedule when compared to individuals in the Non-Manager/Non-Coordinator Class. The workweek values for

Manager/Coordinator and Non-Manager/Non-Coordinator Monetary Payment Class Members will be rounded to the nearest cent. For purposes of calculating workweek amounts and Individual Settlement Payments, all workweeks worked by Manager/Coordinator Monetary Payment Class Members during the Class Period will be used, including any workweeks worked in a non-manager or non-coordinator position for those Manager/Coordinator Monetary Payment Class Members who worked in both a manager position or a coordinator position and a non-manager/non-coordinator position during the Class Period.

The total value of amounts paid to the Manager/Coordinator Monetary Payment Class Members and the Non-Manager/Non-Coordinator Monetary Payment Class Members will be equal to and not exceed the value of the Net Distribution Fund. The precise amounts of the workweek value applying to Manager/Coordinator and Non-Manager/Non-Coordinator Monetary Payment Class Members will be calculable once: (1) all timely Requests for Exclusion (explained under "Option II below" are received and the respective number of Manager/Coordinator and Non-Manager/Non-Coordinator Monetary Payment Class Members are identified; and (2) the amount of the Net Distribution Fund (defined above) is set based on the amounts finally approved by the Court with respect to the PAGA Award, Class Counsel Fees Award, Class Counsel Costs Award, Service Awards and Settlement Administration Costs.

By way of example, if it is assumed that the Net Settlement Fund is $5,525,000 and there are no opt-outs, the workweek value for Non-Manager/Non-Coordinator Monetary Payment Class Members would be 0.952694 under the formula specified in the Settlement Agreement, which would be rounded to the nearest cent as $0.95 per workweek. The workweek value for Manager/Coordinator Monetary Payment Class Members would then be set 25% higher (0.952694 x 1.25), equaling 1.1908675, which would be rounded to the nearest cent as $1.19 per workweek. A Non-Manager/Non-Coordinator Monetary Payment Class Member who worked 120 workweeks during the Class Period based on this example would receive a settlement payment of $114.00 (i.e., $0.95 x 120). A Manager/Coordinator Monetary Payment Class Member who worked 120 workweeks during the Class Period based on this example would receive a settlement payment of $142.80 (i.e., $1.19 x 120).

Each Individual Settlement Payment will be allocated between taxable and non-taxable consideration as follows: one third (1/3) will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue, one third (1/3) will be allocated to alleged penalties for which an IRS Form 1099 will issue, and one third (1/3) will be allocated to alleged interest for which an IRS Form 1099 will issue. Class Members will be responsible for correctly characterizing this compensation for tax purposes and paying taxes due, if any. The Individual Settlement Payment checks shall remain valid and negotiable for 120 days from issuance. Thereafter, uncashed check funds will be transmitted to the State of California, Controller's Office, Unclaimed Property Fund.

## II.     Prospective Relief to the Class

Subject to the Court's final approval, Defendants have also agreed to provide prospective relief to the Class in the form of modified wage statements, which they have agreed to begin using by June 30, 2017. Attached hereto as Exhibit "A" is the proposed "Wage Statement Exemplar," which shall be presented to the Court for approval. Defendants reserve the right to change and update their wage statements as they deem appropriate and nothing in the Settlement requires Defendants to use the Wage Statement Exemplar in perpetuity.

As explained below, Class Members may **not** request exclusion from the prospective relief portion of the Settlement. Therefore, if the Settlement is approved by the Court, all Class Members will remain members of what is referred to in the Settlement Agreement as the "Prospective Relief Class," which is a mandatory, no-opt out class, and will be bound by the "Prospective Relief Class Released Claims" described below.

## III.    Release of Claims by Class Members

Unless you request to be excluded from the monetary portion of the Settlement (i.e., request exclusion from the Monetary Payment Class), you will be unable to sue, continue to sue or be a part of any other lawsuit against Defendants and other Released Parties (defined below) regarding the "Monetary Payment Class Released

Claims" (abbreviated as the "MPC Released Claims") in this Settlement. Furthermore, if the Settlement Agreement is approved, you will be unable to sue, continue to sue or be a part of any other lawsuit against Defendants and other Released Parties regarding the "Prospective Relief Class Released Claims" (abbreviated as the "PRC Released Claims")) regardless of whether or not you choose to exclude yourself from the Monetary Payment Class. Further information about, and the definitions of, the MPC Released Claims and PRC Released Claims is included below.

## A. Monetary Payment Class Released Claims

As of the Effective Date (as defined in the Settlement Agreement), any Class Member who has not excluded himself/herself from the monetary portion of the Settlement will release Defendants and their subsidiaries, affiliates and/or parents (including without limitation The TJX Companies, Inc., Marshalls of MA, Inc. and Newton Buying Company of CA, LLC), employee benefit plans sponsored or maintained by any of the foregoing, and their attorneys; and their respective successors and predecessors in interest; all of their respective officers, directors, employees, administrators, fiduciaries, trustees, beneficiaries and agents; and each of their past, present and future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers ("Released Parties") from the MPC Released Claims.

The MPC Released Claims include all claims for wages, benefits and related penalties actually alleged or that could have been alleged in the Action by the Plaintiffs, on behalf of themselves and the Class Members, based on the facts stated in the Second Amended Complaint and Third Amended Complaint, including but not limited to: (1) failure to pay wages in violation of California Labor Code section 204, 510, 1194, 1194.2, 1197 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order; (2) failure to provide meal periods or compensation in lieu thereof in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order; (3) failure to provide rest breaks or compensation in lieu thereof in violation of California Labor Code section 226.7 and the applicable IWC Wage Order; (4) failure to pay overtime compensation in violation of California Labor Code sections 200, 203, 226, 226.7, 500, 510, 512, 558, 1194 and 1198 and the applicable IWC Wage Order; (5) failure to pay vacation wages in violation of California Labor Code sections 203 and 227.3, both as a derivative and a direct claim; (6) failure to timely provide accurate, itemized wage statements in violation of California Labor Code section 226, both as a derivative and a direct claim; (7) failure to timely pay wages at termination in violation of California Labor Code sections 201-203, both as a derivative and a direct claim; (8) unfair business practices in violation of California Business & Professions Code section 17200 et seq.; (9) penalties under the Private Attorney General Act ("PAGA"), California Labor Code section 2698 et seq., for the California Labor Code violations that were or that could have been alleged in the Action based on the facts stated in the Second Amended Complaint and Third Amended Complaint, including but not limited to violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197 and 1198; (10) that Class Members are entitled to declaratory relief to determine whether the practices alleged in the Second Amended Complaint and Third Amended Complaint are unlawful; (11) that Class Members are entitled to injunctive relief to halt any practices alleged in the Second Amended Complaint and Third Amended Complaint to be unlawful; (12) that Defendants are liable for the attorneys' fees incurred to prosecute this Action on behalf of Class Members, including fees incurred for the services of Class Counsel; and (13) that Defendants are liable for any other remedies, penalties and interest under California law, including but not limited to California Labor Code sections 203, 206, 218.5, 226, 226.7, 512, 558, 1194 and 1194.2 and the applicable IWC Wage Order. "Claims" also includes all claims that Plaintiffs and/or the Class Members may have against the Released Parties relating to (i) the payment, taxation and allocation of attorneys' fees and costs to Class Counsel pursuant to this Settlement Agreement and (ii) the payment, taxation and allocation of Plaintiffs' Service Awards pursuant to this Settlement Agreement.

The MPC Released Claims also include any unknown claims that the Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their Settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement. With respect to the MPC Released Claims, the Class Members agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished,

to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Therefore, although Monetary Payment Class Members may discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the MPC Released Claims, upon the Effective Date, the Monetary Payment Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all of the MPC Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Class Members will release the MPC Released Claims for the time period from October 10, 2009 through **November 7, 2017**, i.e., the deadline for objecting or requesting exclusion from this Settlement (the "Response Deadline"). The only exception is for Plaintiff's causes of action/claims for penalties under PAGA, which are released by Class Members from October 10, 2012 through **November 7, 2017**.

### B. PRC Released Claims

As noted above and in the Settlement Agreement, the Prospective Relief Class is a mandatory, no-opt-out class. Thus, if the Settlement Agreement is approved by the Court, as of the Effective Date, you will release the Released Parties from the PRC Released Claims regardless of whether or not you choose to exclude yourself from the Monetary Payment Class. Except as specified in Section IV below (regarding PAGA claims in a related action), the PRC Released Claims include a release by all Class Members of all claims that Defendants or the Released Parties failed to provide compliant wage statements under California Labor Code section 226 or any comparable state or federal law for any reason from October 10, 2009 through June 30, 2017. On or before June 30, 2017, Defendants shall use wage statements in substantially the same form as the Wage Statement Exemplar (Attached to this Notice as Exhibit "A").

### IV. Release of Claims Alleged in Related Action

This Settlement and your decision whether to exclude yourself from the Monetary Payment Class (as further explained below) will affect any rights you may have as an allegedly aggrieved employee in another pending lawsuit titled *Williams v. Marshalls of CA, LLC, The TJX Companies, Inc., T.J. Maxx of CA, LLC, HomeGoods, Inc.* (Superior Court of California, County of Los Angeles, Case No. BC503806).

In relevant part, the *Williams* action currently seeks PAGA penalties for the following claims: (1) failure to pay overtime; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to provide compliant wage statements; (6) failure to timely pay wages upon termination of employment; and (7) failure to timely pay wages during employment. The *Williams* action is brought as a putative representative action on behalf of all "aggrieved employees" from March 22, 2012 to present.

Through this Settlement Agreement, Class Members will release Defendants and the Released Parties not only from the claims at issue in this lawsuit, but also from the overlapping claims at issue in the *Williams* lawsuit. In this Settlement, all of the Plaintiffs' causes of action/claims for penalties under PAGA are released by Class Members from October 10, 2012 (i.e., one year prior to the date the *Roberts* Complaint was originally filed) through **November 7, 2017**. Because the MPC Released Claims in this Settlement include causes of action alleged, and time periods at issue, in *Williams*, Class Members who do not opt out of the Monetary Payment Class completely release the MPC Released Claims to the fullest extent possible under this Settlement as to the overlapping claims and/or time periods at issue in the *Williams* lawsuit. Thus, Class Members who were

employed as non-exempt employees at a T.J. Maxx, Marshalls or HomeGoods branded retail store on or after October 10, 2012 and do not exclude themselves from the Monetary Payment Class will be releasing the MPC Released Claims, which include any and all overlapping claims alleged in the *Williams* action, from October 10, 2012 through the Response Deadline.

In addition, if the Settlement Agreement is approved by the Court, as of the Effective Date, Prospective Relief Class Members (*i.e.*, all Class Members regardless of whether s/he submits a Request for Exclusion from the Monetary Payment Class) will release the Released Parties from the PRC Released Claims including all claims that Defendants or Released Parties failed to provide compliant wage statements under California Labor Code section 226. Thus, as of the Effective Date, all Class Members will release all overlapping PRC Released Claims alleged in the *Williams* lawsuit including a release by all Class Members of all PAGA claims alleging that Defendants or the Released Parties failed to provide compliant wage statements under California Labor Code section 226 or any comparable state or federal law for any reason from October 10, 2012 through June 30, 2017, at which time Defendants shall use Wage Statements in substantially the same form as the Wage Statement Exemplar (attached as Exhibit "A" to this Notice).

## YOUR OPTIONS REGARDING THIS CLASS ACTION SETTLEMENT

### I. First Option: Do Nothing and Receive a Settlement Payment and Prospective Relief If Final Approval Is Granted

You do not need to do anything to participate in this Settlement. If the Court finally approves the Settlement and you do nothing, you will receive an Individual Settlement Payment and Prospective Relief as described above. If you do nothing, you will also be deemed part of the Action and Settlement and you will be releasing all claims you may have related to the allegations in the Action as explained in the "Release of Claims by Class Members" and "Release of Claims as Alleged in Related Action" sections above. Class Members who choose this option will remain members of the "Monetary Payment Class" (i.e., Class Members entitled to an Individual Settlement Payment") and the "Prospective Relief Class" (i.e., Class Members entitled to the prospective relief and bound by the obligations explained in the "Prospective Relief to the Class" section above).

### II. Second Option: Request Exclusion from the Monetary Portion of the Settlement and Receive Prospective Relief Only

If you wish to pursue a separate lawsuit against Defendants for the claims asserted in the Action or if you otherwise do not wish to participate in the monetary portion of the Settlement for any reason, you must submit a written letter, called a "Request for Exclusion," to the Settlement Administrator.

To be valid, the Request for Exclusion must contain: (1) your full name, address and last four digits of your social security number; (2) your signature; and (3) must state in substance:

> I wish to exclude myself from the monetary portion of the Settlement in *Roberts v. T.J. Maxx of CA, LLC, Marshalls of CA, LLC, HomeGoods, Inc.*, pending in the United States District Court for the Northern District of California, Case No. 3:13-cv-04731-MEJ. I understand that by requesting to be excluded from the monetary portion of the Settlement, I will receive no money from the Settlement."

**To be timely, the Request for Exclusion must be postmarked and mailed to the Settlement Administrator at the following address on or before November 7, 2017 (the "Response Deadline"). Requests for Exclusion postmarked after this date may be disregarded.**

*Roberts v. T.J. Maxx* Class Action
c/o ILYM Group, Inc.
P.O. Box 2031
Tustin, CA 92781

**Any Class Members who submit a timely and valid Request for Exclusion will NOT be entitled to receive any money from the Settlement and will not be bound by the terms of the Settlement as it relates to the MPC Released Claims during the Class Period.** Any Class Member who submits a timely and valid Request for Exclusion will not have any right to object, appeal or comment on the Settlement as it pertains to the monetary recovery and the MPC Released Claims.

**While Class Members may request exclusion from the monetary portion of the Settlement (i.e., exclude themselves from the "Monetary Payment Class"), Class Members may not request exclusion from the prospective relief portion of the Settlement (i.e., the "Prospective Relief Class").** If final approval is granted, Class Members who exclude themselves from the monetary portion of the Settlement will therefore remain members of the Prospective Relief Class because that class is a mandatory, no opt-out class. Thus, a Class Member who submits a timely and valid Request for Exclusion remains a member of the Prospective Relief Class and may still object to or comment on the Settlement, but only as it pertains to the Prospective Relief and PRC Released Claims explained above and in the Settlement Agreement. Under no circumstances will a Class Member who has submitted a timely and valid Request for Exclusion be considered to have opted out of the Prospective Relief Class. Thus, if the Settlement Agreement is approved, you will release the PRC Released Claims (as explained above) regardless of whether you choose to exclude yourself from the Monetary Payment Class.

Class Members who do not submit a timely and valid Request for Exclusion on or before the Response Deadline shall remain in both the Monetary Payment Class and Prospective Relief Class and will be bound by all terms of the Settlement and the Final Approval Order entered in this Action.

### III.    Third Option: Object to the Settlement

If you do not believe the Settlement is fair, you can object and ask the Court to deny approval of the Settlement. If the Court grants approval over your objection, you will remain a member of the Monetary Payment Class and Prospective Relief Class and will still receive an Individual Settlement Payment and the Prospective Relief described above.

You can object to the Settlement by submitting a "Notice of Objection" to the Court. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

To be valid, the Notice of Objection must contain: (1) your full name, address and last four digits of your social security number; (2) your signature; (3) must state the case name, i.e., *Kimberly Roberts et. al v. T.J. Maxx of CA, LLC, Marshalls of CA, LLC, HomeGoods, Inc.*, Northern District of California, the Case No. 3:13-cv-04731-MEJ, and the specific reasons why you object to the Settlement and whether you intend to appear at the Final Approval Hearing.

To be timely, the Notice of Objection must be filed in person at the Court or postmarked and mailed to the Court at the following address on or before **November 7, 2017**. Notices of Objection postmarked after this date may be disregarded.

*Roberts v. T.J. Maxx* Class Action Clerk
U.S. District Court, Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102-3489

Class and Prospective Relief Class Members who fail to submit a timely and valid Notice of Objection shall be deemed to have waived any objections and shall be foreclosed from making any objections to the Settlement.

| NEXT STEPS |
|---|

| I. | The Court's Final Approval Hearing |
|---|---|

The Court will hold a Final Approval Hearing on January 18, 2018 at 10:00 a.m. in the San Francisco Courthouse, Courtroom B - 15th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to consider the fairness, adequacy and reasonableness of the proposed Settlement and Class Counsel's requests for (a) the PAGA Award; (b) Plaintiffs' Service Awards; (c) the Class Counsel Fees Award; (d) the Class Counsel Costs Award; and (e) Settlement Administration Costs.

The Court may reschedule the Final Approval Hearing without further notice to Class Members. Class Members are advised to check the Settlement Administrator's website at www.robertsclasssettlement.com or the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov to confirm the date has not been changed.

| II. | How to Obtain Additional Information |
|---|---|

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.robertsclasssettlement.com, by accessing the Court docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102-3489, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You may also contact the Settlement Administrator by calling toll free (855) 309-1484 or writing to the Settlement Administrator at *Roberts v. T.J. Maxx* Class Action, c/o ILYM Group, Inc., P.O. Box 2031, Tustin, CA 92781.

You may also contact Plaintiffs' attorneys with any questions at:

| | |
|---|---|
| Marcus J. Bradley & Kiley L. Grombacher<br>BRADLEY GROMBACHER, LLP<br>2815 Townsgate Road, Suite 130<br>Westlake Village, CA  91361<br><br>Shaun Setareh<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Los Angeles, CA  90212<br><br>Samuel A. Wong & Kashif Haque<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA  92618 | Scott B. Cooper<br>THE COOPER LAW FIRM, P.C.<br>4000 Barranca Parkway, Suite 250<br>Irvine, CA  92604<br><br>Roger R. Carter<br>THE CARTER LAW FIRM<br>2030 Main Street, Suite 1300<br>Irvine, CA  92614 |

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, MARSHALLS, HOMEGOODS OR T.J. MAXX'S STORE MANAGERS OR DEFENDANTS' ATTORNEYS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT "A"

EMPLOYEE ID  000001

[Employer Name]
[Employer Address]

Federal Filing Status: S
Exemptions/ Allowances
Fed. 00
CA. 00

**Earnings Statement**

Page 001 of 001
Period Beg/End: 01/01/2017 - 01/07/2017
Check Date: 01/10/2017
Check Number: 0000000102
Batch Number: 000000000001

TESTER, MIKE E
1 MAPLE STREET
OTHER TOWN, CA 98756

For inquiries on this statement please call: 800-555-1212
Total Hours Worked  35.00
Basis of Pay:  Hourly

| Earnings | Rate | Hours This Period | Year-to-Date |
|---|---|---|---|
| Regular | 10.0000 | 30.00 | 300.00 | 300.00 |
| OVERTIME | 15.0000 | 5.00 | 75.00 | 75.00 |
| GROSS WAGES | | | 375.00 | 375.00 |

| Deductions | This Period | Year-to-Date |
|---|---|---|
| Fed Withholding | 30.00 | 30.00 |
| Social Security | 10.00 | 10.00 |
| Medicare | 10.00 | 10.00 |
| Dental* | 10.00 | 10.00 |
| Vision* | 10.00 | 10.00 |
| 401K* | 10.00 | 10.00 |
| FSA | 10.00 | 10.00 |

**Leave Summary**  **Balance**
Sick  5.50
Vacation  3.00

| Wage Totals | This Period | Year-To-Date |
|---|---|---|
| GROSS WAGES | 375.00 | 375.00 |
| TOTAL DEDUCTIONS | 90.00 | 90.00 |
| NET WAGES | 285.00 | 285.00 |

Your Federal taxable wages for this period are: $375.00

*Excluded from taxable wages

(C001 Automatic Data Processing (PCSUCH))

[Employer Name]
[Employer Address]

90-42841222
Check Number:  0000000102
Check Date:  01/10/2017

ISSUED BY ADP PAYROLL SERVICES, INC.



This amount:  TWO HUNDRED EIGHTY FIVE DOLLARS AND 00/100   $**285.00

Pay to the order of:  TESTER, MIKE E

Bank of The West
915 Wilshire Blvd, Suite 100
Los Angeles, CA 90017

**NON-NEGOTIABLE**

DRAFT

# EXHIBIT "B"

